[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DSS APPEAL
On February 26, 2001, DSS offered into evidence an executed sworn acknowledgment of paternity dated February 26, 2001 as part of a procedure which is a standing order of Magistrate Court to pursue claim of support. DSS sought their statutory right to three years past due support pursuant to Connecticut General Statutes § 46b-160 which limits the arrears owed to the State to three years next preceding the filing of petition.
During the course of the hearing DSS, also offered a carbon copy of an acknowledgment signed by the parties dated July 30, 2000. This carbon copy was the first carbon of a triplicate form with all signatures from the stroke of a pen and intended to have the same effect as the original.
In the State's attempt to introduce this carbon copy into evidence the following colloquy took place:
 Mr. Samalot: Mr. Malone, I am first showing you an acknowledgment of paternity for Tyonne Anthony Malone, Jr. signed June 29, 1999. Do you know whose signature is in the bottom right hand corner?
Mr. Malone: It is mine
 Mr. Samalot: And Ms, Bermudez, I am showing you the copy of the acknowledgment of paternity. Whose signature appears in the bottom left hand corner?
The Petitioner: That is my signature
Mr. Samalot: And that date is again?
The Petitioner: July 31
Mr. Samalot: 2000?
The Petitioner: Yes CT Page 10880
 Mr. Samalot: Your Honor, the State would offer the acknowledgment of paternity signed . . .
The Court: For what purpose?
 Mr. Samalot: The purpose of collecting arrears back to a period of time three years back from the
 The Court: Excuse me, Mr. Samalot, you can't have it both ways. The State wants to claim that these documents are judgments, therefore, they are not relevant as evidence. The document speaks for itself. We have a document in the file. The document is not admitted.
Mr. Samalot: Exception on that, your Honor.
The Court: Exception noted.
The State's request to have the carbon copy introduced as evidence was denied by the Magistrate.
As a result of the Magistrate's ruling, DSS claims that three years past due support was mistakenly calculated from February 26, 2001 rather than July 30, 2000. As a result this caused a loss of seven months of arrearage to the State and to the Petitioner.
Irrespective of whether the actual dated acknowledgment occurred on July 30, 2000 or February 26, 2001, Connecticut General Statutes §46b-160 (a) clearly states that the arrearage shall be calculated for the three years next preceding the filing date of the petition, not the date of any acknowledgment. Any error that may have occurred when the Family Magistrate denied DSS's request, would be harmless error in any event.
Therefore pursuant to 46b-231(n)(7), this case is remanded to the Family Magistrate Court for further proceedings to calculate the arrearage for the three years preceding the filing of the petition, August 3, 2000.
PRESTLEY, J.